# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALFONZO PAZ, <br><br> Petitioner, <br> vs. <br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case Nos. 10cv861 BEN <br> 09cr2152 BEN <br><br> **ORDER DENYING § 2255 MOTION** |

## INTRODUCTION

Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence. The Government filed an answer. Petitioner did not file a Traverse. Having reviewed the answer and the records in this case, the Court finds no evidentiary hearing is necessary and denies the motion.

## DISCUSSION

In exchange for a government sentencing recommendation of 37 months, Petitioner agreed in a plea agreement to waive his right to appeal or collaterally attack any sentence within the Sentencing Guideline range of 37 to 46 months. At sentencing, the Government recommended 37 months. The Probation Officer recommended 46 months. This Court imposed a sentence of 46 months. Petitioner seeks to attack the sentence.

The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment.

1  *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important
2  role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a
3  defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily
4  made" and "encompasses the defendant's right to appeal on the grounds claimed on appeal."
5  *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143
6  F.3d 1266, 1270-71 (9th Cir. 1998)).

7      Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence at
8  three different times. First, in his plea agreement. The plea agreement states that "[i]n exchange
9  for the Government's concessions in this plea agreement, defendant waives, . . . to the full extent
10 of the law, any right to appeal or to collaterally attack his sentence . . . unless the Court imposes a
11 custodial sentence above the high end of the guideline range recommended by the Government
12 pursuant to this agreement at the time of sentencing." The Court did not impose a sentence above
13 the high end of the guideline range. The second time he waived his right to collateral attack was
14 during the plea colloquy before the Magistrate Judge. The third time he waived his right to
15 collateral attack was during the sentencing hearing where this Court asked Petitioner directly, and
16 asked Petitioner's counsel, whether Petitioner understood that he was waiving his right to appeal
17 and collaterally attack his sentence.

18     Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence
19 requires denial of his § 2255 motion. *Navarro-Botello*, 912 F.2d at 322 (finding a defendant could
20 not ignore his part of the bargain in a plea agreement after obtaining concessions from the
21 government).

## CONCLUSION

23 Petitioner's motion is denied. The Court declines to issue a certificate of appealability.
24 **IT IS SO ORDERED.**
25 DATED: April 17, 2012

Hon. Roger T. Benitez
United States District Judge